UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE WALKER,<br><br>            Plaintiff,<br><br>    v.<br><br>HOWARD, et al.,<br><br>            Defendant. | Case No.: 1:22-cv-00332-JLT-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE LOCAL RULES**<br><br>**14-DAY DEADLINE** |

       Plaintiff Marquise Walker is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

       On July 15, 2024, Defendant Howard filed a partial motion to dismiss Plaintiff's complaint. (Doc. 23.) Specifically, the motion seeks to dismiss Plaintiff's First Amendment retaliation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 5-10.) Defendant's motion included the following notice: "Written opposition to this motion must be filed not more than 21 days after the date of service of the motion, plus three days, if service is by mail," quoting Local Rule 230(*l*). (*Id*. at 2.)

       The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule

or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The Local Rule concerning motions in prisoner actions provides, in relevant part:

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Local Rule 230(*l*). Here, Plaintiff's opposition, or statement of non-opposition to the motion to dismiss was to be filed "not more than twenty-one (21) days after the date of service of the motion." More than 21 days have passed, yet Plaintiff has failed to file either an opposition or a statement of non-opposition to Defendant's motion.

*Remainder of This Page Intentionally Left Blank*

2

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to the motion to dismiss. **Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to prosecute and to comply with the Local Rules**.

IT IS SO ORDERED.

Dated:   **August 14, 2024**

UNITED STATES MAGISTRATE JUDGE